ELLIS, Judge.
This is a suit for a mandatory injunction in which plaintiff Dedrick Gill seeks to compel defendant Joseph Lawrence Henderson to remove a fence from around a certain five and one-half acre tract of land. From an adverse judgment, plaintiff has appealed.
This is the second suit between these parties relative to the said tract. In the first suit, a possessory action, Mr. Henderson was plaintiff and Mr. Gill defendant. The case was tried on its merits and judgment was rendered dismissing Mr. Henderson’s suit. In the said suit, Mr. Gill did not reconvene alleging his own possession of the property, and no finding was made relative thereto. No appeal was perfected from the judgment, and it is final.
Thereafter, Mr. Henderson constructed a one strand barbed wire fence around the property, and Mr. Gill brought this suit to compel its removal. It is his position that Mr. Henderson, having lost the possessory action, must now bring a petitory action in which he would have the burden of proving his own title. Mr. Gill claims that by building the fence, Mr. Henderson is attempting to force Mr. Gill to bring a pos-sessory or petitory action and thereby force him to assume the burden of proving his own possession, or the superiority of his title. Plaintiff claims that there is no law applicable to this situation, and that under the equity provision of Article 21 of the Civil Code, the court should protect his “right” not to bear the burden of proof.
*573 We cannot agree. In the first place, only a losing defendant or defendant in reconvention in a possessory action can be compelled by law to bring the petitory action. Article 3662, Code of Civil Procedure. Since Mr. Gill did not reconvene and attempt to show his own possession of the disputed tract in the possessory action, the effect of the judgment in that suit was to find that Mr. Henderson was not in possession thereof. Mr. Gill’s possession or lack thereof was not adjudicated.
In the second place, the provisions of Article 3663 of the Code of Civil Procedure make injunctive relief, such as is sought by plaintiff herein, available to a plaintiff in a possessory action, or to one who has been disturbed in the possession which he has enjoyed for more than one year of immovable property of which he claims the ownership, possession or the enjoyment. Nowhere has plaintiff claimed the ownership, the possession or the enjoyment of this disputed tract. He has alleged his title, but not that it includes the disputed tract. He has alleged certain acts of possession, but not that he enjoys the legal possession of the disputed tract.
We think it clear from a perusal of the codal provisions relative to the petitory and possessory actions, particularly Articles 3654, 3662, and 3663 of the Code of Civil Procedure, that one who wishes to enjoy the evidentiary benefits which accrue to the successful plaintiff in a possessory action, whether in a declaratory judgment suit, a suit for injunctive relief, or any other case in which ownership may be an issue, must bear the burden of proving himself to be the legal possessor of the property. Plaintiff herein has not done so, and we hold that, under the specific provisions of Article 3663 of the Code of Civil Procedure, he is not entitled to the relief sought herein.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
Affirmed.